**Thomas STABILE, Petitioner–Appellant,**

v.

**U.S. BUREAU OF PRISONS, Respondent–Appellee.**

**No. 215, Docket 86–2405.**

United States Court of Appeals, Second Circuit.

Submitted Dec. 1, 1987.

Decided Dec. 4, 1987.

Thomas Stabile, submitted a brief *pro se*.

Stanley A. Twardy, Jr., U.S. Atty., New Haven, Conn., and Barry K. Stevens, Asst. U.S. Atty., Bridgeport, Conn., submitted a brief for respondent-appellee.

Before NEWMAN and CARDAMONE, Circuit Judges, and GRAY, District Judge.*

PER CURIAM:

Thomas Stabile appeals *pro se* from a judgment of the District Court for the District of Connecticut (Warren W. Eginton, Judge) dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1982). Stabile, now serving a federal sentence at the Federal Correctional Institution at Danbury, Connecticut, claims that he has been confined beyond the maximum term permitted by law. His claim rests on an erroneous interpretation of the provision governing the status of federal prisoners released after serving their maximum sentences less good-time credits. 18 U.S.C. § 4164 (1982).

Section 4164 provides that a federal prisoner

having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.

---

\* The Honorable William P. Gray of the United States District Court for the Central District of California, sitting by designation.

This provision complements section 4163 of Title 18, which provides that a federal prisoner shall be released "at the expiration of his term of sentence less the time deducted for good conduct." Stabile contends that section 4164 should be interpreted to reduce his sentence by 180 days, with the result that he would be entitled to release after serving a period of time calculated by subtracting both 180 days and good-time credits from his maximum sentence. Since he has now served longer than the period of time resulting from that calculation, he claims he is entitled to immediate release.

Section 4163 determines the release date for a prisoner mandatorily released, *i.e.*, not released on parole. This section clearly provides that the release date is determined by subtracting from the maximum sentence only good-time credits. Section 4164 does not determine the release date; it determines the status of a person mandatorily released. Such a person is deemed "as if released on parole" until the date that is 180 days before the expiration of his sentence. *See Tippitt v. United States Board of Parole*, 446 F.2d 26 (6th Cir.1971) (per curiam). Thus, the 180-day period specified in section 4164 reduces only the duration of parole supervision, not the length of the sentence. *LaMagna v. United States Bureau of Prisons*, 494 F.Supp. 189, 194 (D.Conn.1980). Since Stabile has not been confined beyond the maximum term of his sentence less good-time credits, he is not entitled to release.

The judgment of the District Court is affirmed.