Charles D. SCANIO, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 1733, Docket 94–2002.

United States Court of Appeals,
Second Circuit.

Argued May 26, 1994.

Decided Oct. 11, 1994.

Jeffrey M. Blum, Williamsville, NY, for petitioner-appellant.

William J. Knapp, Asst. U.S. Atty. for W.D.N.Y., Buffalo, NY (Patrick H. NeMoyer, U.S. Atty., on the brief), for respondent-appellee.

Before VAN GRAAFEILAND, PIERCE, and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Petitioner-appellant Charles D. Scanio appeals from a judgment of the United States District Court for the Western District of New York (Telesca, C.J.), denying petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (1988). The district court denied the motion and dismissed the petition on the ground that the petition was untimely when filed because Scanio had completed his sentence and was no longer "in custody" within the meaning of 28 U.S.C. § 2255. On appeal, Scanio challenges the district court's conclusion that his petition was untimely.

For the reasons set forth below, we affirm.

## BACKGROUND

On November 1, 1988, following a jury trial, Scanio was convicted of one count of structuring a currency transaction in violation of 31 U.S.C. §§ 5324(3) and 5322(a). He was sentenced to one year imprisonment and two years' supervised release. Scanio's conviction was affirmed on appeal. *United States v. Scanio,* 900 F.2d 485 (2d Cir.1990).

Scanio reported to prison on November 30, 1990.

While incarcerated, Scanio became eligible to spend the last third of his prison term in a community halfway house, and on July 29, 1991, he was transferred to the Salvation Army Adult Rehabilitation Center, Community Correction Center (the "Salvation Army") to serve his remaining prison time. Thereafter, on November 27, 1991, Scanio was released from the Salvation Army facility and began his term of supervised release.

On November 29, 1993, Scanio filed the instant petition in which he moved to set aside his conviction and vacate his sentence, alleging ineffective assistance of counsel at his state court trial. On December 6, 1993, the district court dismissed the petition. The court found that Scanio's term of supervised release expired at midnight on November 26, 1993, two years from the date he was released from the Salvation Army facility, and because Scanio had completed his sentence when he filed his petition on November 29, 1993, it was untimely.

Scanio now appeals.

## DISCUSSION

On appeal, Scanio argues that even if the terms of his sentence were completed on November 26, 1993, the district court erred in dismissing his habeas corpus petition as untimely. Scanio maintains that given the clerk's office in the district court was closed by Order of Chief Judge Michael A. Telesca on that day, Fed.R.Civ.P. 6(a), which operates to expand the period within which to file a motion, applied to make his claim timely. The government, on the other hand, contends that the district court properly dismissed the habeas petition because it lacked jurisdiction under 28 U.S.C. § 2255 to consider Scanio's claim. We agree with the government's position.

We review the district court's factual findings for clear error, *see Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985); *United States v. Springer,* 946 F.2d 1012, 1015 (2d Cir.1991), and we review questions of law *de novo, see Anderson v. McElroy,* 953 F.2d

803, 805 (2d Cir.1992); *United States v. Cuervelo,* 949 F.2d 559, 567 (2d Cir.1991). As a preliminary matter, we find ample support in the record for the district court's determination that Scanio completed the terms of his sentence on November 26, 1993. The record indicates that Scanio was released from incarceration on November 27, 1991. His two-year term of supervised release therefore commenced on November 27, 1991 and expired at midnight on November 26, 1993. Thus, we next consider whether Scanio met the requirements for filing a habeas corpus petition.

Title 28 U.S.C. § 2255 states in pertinent part:

A prisoner *in custody under sentence* of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... may move the court which imposed the sentence to vacate, set aside or correct the sentence. (emphasis added).

■ In order to invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional "in custody" requirement of 28 U.S.C. § 2255. *See United States v. Brilliant,* 274 F.2d 618, 620 (2d Cir.) ("A district court is without jurisdiction to entertain a writ of habeas corpus or a § 2255 motion if the relator or movant is not in custody."), *cert. denied,* 363 U.S. 806, 80 S.Ct. 1242, 4 L.Ed.2d 1149 (1960). Indeed, the Supreme Court stated in *Carafas v. LaVallee* that "[t]he federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is *filed.*" 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968) (emphasis added).

Although physical confinement is not necessary in order for a prisoner to challenge his sentence, *see Jones v. Cunningham,* 371 U.S. 236, 241–43, 83 S.Ct. 373, 376–77, 9 L.Ed.2d 285 (1963) (holding prisoner on parole remains "in custody"), the Supreme Court has never gone so far as to hold that "a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed," *Maleng v. Cook,*

490 U.S. 488, 491, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (emphasis in original). The rationale in such a case is that the "habeas petitioner suffers no present restraint from a conviction." *Id.* at 492, 109 S.Ct. at 1926; *see, e.g., Ward v. Knoblock,* 738 F.2d 134, 138–39 (6th Cir.1984) (holding that to confer habeas jurisdiction on petitioner, there must be significant deprivation of his liberty), *cert. denied,* 469 U.S. 1193, 105 S.Ct. 970, 83 L.Ed.2d 974 (1985).

■ In sum, the habeas corpus statute confers jurisdiction to district courts to entertain habeas petitions for relief solely from persons who satisfy the status or condition of being "in custody" at the time the petition is filed, and a petitioner under supervised release may be considered "in custody."

■ Because in the instant matter Scanio filed his habeas petition on November 29, 1993, three days after his term of supervised release expired, we find that at the time of the filing, he was not "in custody." *See Maleng,* 490 U.S. at 491, 109 S.Ct. at 1925. Under these circumstances, Scanio was jurisdictionally barred from asserting his habeas corpus claim.

We reject Scanio's argument that Fed.R.Civ.P. 6(a) should be applied in this case to expand the time period within which to file his habeas motion. Fed.R.Civ.P. 6(a) provides that where the last day of a time period for filing a court paper is a Saturday, Sunday, holiday, or a day on which the clerk's office is inaccessible, the period runs until the end of the next business day. Clearly, Fed.R.Civ.P. 6(a) does not extend the jurisdiction of the district court. *See* Fed.R.Civ.P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts. . . ."). Fed.R.Civ.P. 6(a) is a procedural rule that governs procedural matters and operates to enlarge certain filing periods.

The "in custody" requirement of § 2255 is more than a filing period; it is a status or condition that cannot be altered by a procedural rule. Either Scanio was "in custody" on November 29, 1993, or he was not. Because we find that Scanio was not "in custo-

dy," we hold that the district court lacked jurisdiction to entertain his claim.

We have considered all of Scanio's remaining arguments and find them to be without merit. Accordingly, we affirm the district court's dismissal of Scanio's habeas corpus petition.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the district court.

PIERCE, Circuit Judge, dissenting:

This is a case concerning jurisdiction and it necessarily implicates the right of access to the courts. In my view, the majority has given an incorrect and needlessly narrow interpretation to applicable principles, with the result that appellant will be denied his day in court. I respectfully disagree and dissent.

Scanio was prosecuted in the Western District of New York for structuring a currency transaction in violation of 31 U.S.C. §§ 5324(3) and 5322(a). After trial by jury, he was convicted and sentenced to a one year term of imprisonment and two years of supervised release. Scanio appealed to this Court and in an unanimous opinion, the conviction was affirmed. *United States v. Scanio,* 900 F.2d 485 (2d Cir.1990) (Pierce, J.).

Scanio began serving the prison portion of his sentence on November 30, 1990. He remained in prison until July 29, 1991, when he was transferred to the Salvation Army Adult Rehabilitation Center (hereinafter, the "Salvation Army") to serve the remainder of his one-year term of incarceration, which was to end on November 29, 1991. The Salvation Army released him early, on November 27, 1991, the day before Thanksgiving Day. Upon release from the Salvation Army facility, Scanio commenced the two-year supervised release portion of his sentence.

Scanio was nearing the end of the period of supervised release when his new attorney sought to file a second petition pursuant to 28 U.S.C. § 2255, this time seeking to set aside the conviction, asserting for the first time ineffective assistance of trial counsel. On Friday, November 26, 1993, counsel went to the federal courthouse in Rochester, New York, to file the subject habeas petition. He was informed that the Clerk's Office was closed in observance of the Thanksgiving holiday.[1] Thus, despite his attempt, counsel was unable to file Scanio's petition on Friday, November 26, 1993 at the courthouse. Counsel returned to the courthouse the following Monday, November 29, 1993, and filed the petition that day. Scanio's petition was therefore filed on the first day the courthouse and Clerk's Office were open following the holidays and the weekend.

The petition was dismissed one week later by the district judge as untimely, on the ground that Scanio was no longer "in custody," as required by § 2255. In a one page order, the district judge, without stating what evidence he relied upon, ruled: "Petitioner's term of probation terminated November 26, 1993. This motion was filed November 29, 1993. At the time the motion was filed, all terms of Petitioner's *sentence* had been completed." (Emphasis added).

On this appeal, the appellant contends, *inter alia,* that (1) the district court's determination that his sentence expired on November 26, 1993 is erroneous and based on a misapplication of the law, and, in any event, (2) the petition was timely filed on November 29, 1993, pursuant to Fed.R.Civ.P. 6(a), which excludes weekends and holidays and other days when the court is inaccessible in determining if filing is timely.

I cannot agree with the majority that the district court did not err in summarily dismissing this petition. The majority states that the district court had "ample support" in the record for the determination that Scanio completed the terms of his sentence on November 26, 1993, and, thus, was not "in custody" for habeas purposes on November 29, 1993. In my view, the record contains insufficient evidence to support such a conclusion.

1. November 26, 1993 followed Thanksgiving Day, which was November 25. As frequently occurs under these circumstances, the Chief Judge of the Western District of New York extended the holiday to include Friday, November 26, 1993 and, thus, the courthouse was not open from the close of business Wednesday until the following Monday.

The majority's argument is flawed because it makes an unsupportable assumption: that because Scanio was released early by the Salvation Army on November 27, 1991, Scanio's sentence was reduced accordingly.[2] For purposes of determining Scanio's period of custody,[3] I believe it is incorrect to conclude that Scanio's three-year sentence expired early simply because he was "released" early from the incarceration phase of his sentence by the Salvation Army.

As the majority states and the record indicates, Scanio's one-year incarceration phase of his sentence began on November 30, 1990.[4] We could assume that the district judge rejected the evidence supporting this fact, and, further, hold that because the district court's factual findings must be reviewed for clear error, we should not disturb this "factual finding." But that response would entail a misreading of applicable legal principles. Although normally a district judge's findings of fact are to be reviewed for clear error, *see Anderson v. Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985), that standard is inappropriate where, as here, it is unclear how the judge arrived at his factual conclusions. *See Grimo v. Blue Cross/Blue Shield*, 34 F.3d 148, 152–53 (2d Cir.1994) (factual record was inadequate for appellate review of question presented); *Monarch Beverage Co., Inc. v. Tyfield Importers, Inc.*, 823 F.2d 1187, 1192 (7th Cir.1987) ("the findings of fact must include as many of the subsidiary facts as are necessary to disclose to the reviewing court the steps by which the trial court reached its

ultimate conclusion on each factual issue") (quotations and citations omitted); *Fogarty v. Piper*, 767 F.2d 513, 515 (8th Cir.1985) (appellate court unable to review because district court made inadequate findings of fact); *see also Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 295 (3d Cir.1991) (requiring district court to clearly state basis of findings); *cf. Demarco v. United States*, 415 U.S. 449, 450, 94 S.Ct. 1185, 1185–86, 39 L.Ed.2d 501 (1974) (per curiam) (appellate court should not make factual findings when the district court fails to make such findings). Herein, it is unclear whether the district judge's ultimate conclusions were based on facts established in the record or on a misapplication of the law, *e.g.*, that Scanio's early release meant he was not "in custody" on November 29, 1993 when the three year sentence would ordinarily have ended. I believe that the district judge's ruling lacks support in the record and was based on a misapplication of legal principles.

It is undisputed that the Salvation Army "released" Scanio on November 27, 1991, but his early release from confinement does not affect the calculation of when Scanio's overall sentence expired. I have found no support for the proposition that an early "release" reduces the length of the overall sentence; indeed, the courts have consistently held to the contrary. *See Stabile v. United States Bureau of Prisons*, 834 F.2d 305, 306 (2d Cir.1987) (per curiam) (although "duration of parole supervision [is reduced], ... the length of the sentence" is not); *Miller v. Taylor*, 313 F.2d 21, 22 (10th Cir.1962) (even

---

**2.** The sole evidence of record that arguably supports the district judge's conclusion that Scanio's sentence expired on November 26, 1993, is a Notice of Release and Arrival form indicating that Scanio was "released" from the Salvation Army on November 27, 1991. Apparently, the majority views this as a sufficient factual basis to conclude that Scanio's two-year period of supervised release began immediately following November 27, 1991 and that his sentence therefore expired two years later at midnight on November 26, 1993.

**3.** Mere release from incarceration does not affect the inquiry of whether an individual is "in custody" for § 2255 purposes. *See Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (per curiam) (individual need not be "physically confined" to be considered in

custody); *see also Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963) (persons on parole are still in custody); *Hahn v. Burke*, 430 F.2d 100, 102 (7th Cir.1970) (persons on probation are in custody), *cert. denied*, 402 U.S. 933, 91 S.Ct. 1522, 28 L.Ed.2d 868 (1971); *Sammons v. Rodgers*, 785 F.2d 1343, 1345 (5th Cir.1986) (per curiam) (persons under suspended sentence are in custody); *United States ex rel. Wojtycha v. Hopkins*, 517 F.2d 420, 423 (3d Cir. 1975) (same).

**4.** The record contains a letter from the Chief Deputy United States Marshal stating that Scanio was to voluntarily surrender himself to the FCI McKean Prison in Bradford, Pennsylvania on November 30, 1990, for service of his sentence—which Scanio apparently did.

though a court order permitted a premature release, this did not affect length of prisoner's sentence), *cert. denied,* 374 U.S. 837, 83 S.Ct. 1887, 10 L.Ed.2d 1058 (1963); *Frierson v. Rogers,* 289 F.2d 234, 235 (5th Cir.1961) (per curiam) (although good time credit reduces the time of confinement, it does not reduce the length of a sentence); *Rowe v. Nicholson,* 78 F.2d 468, 469 (4th Cir.) (release of a prisoner prior to his serving his maximum sentence is merely "an extension of the prison walls" and not the expiration of his sentence) (quotations and citations omitted), *cert. denied,* 296 U.S. 573, 56 S.Ct. 118, 80 L.Ed. 405 (1935). Courts have generally been willing to distinguish between modification of the time of confinement and modification of a sentence. *See, e.g., Raines v. United States Parole Comm'n,* 829 F.2d 840, 844 (9th Cir.1987) (per curiam) ("good time credits reduce only the period of incarceration, not the sentence itself"); *Leyvas v. Harris,* 428 F.2d 366, 367 (7th Cir.1970) (per curiam) ("[t]here is no merit ... to the contention that the good time ... earned in prison reduce[s] the original sentence...."); *cf.* 18 U.S.C. § 4210(a) (A sentenced individual, even if paroled, remains "in legal custody ... until the *expiration of the maximum term* ... [to] which [he] was *sentenced.*") (emphasis added). For instance, in the context of confinement periods reduced by good time allowances, the courts have consistently refused to interpret the reduction of confinement as a reduction of sentence. *See Raines,* 829 F.2d at 844; *Stabile,* 834 F.2d at 306; *LaMagna v. United States Bureau of Prisons,* 494 F.Supp. 189, 191 (D.Conn.1980). Caselaw thus indicates that reduction in the length of confinement is not synonymous with reduction of a person's sentence. Therefore, in my view, it is wrong to assume, as the majority does here, that, because the *incarceration phase* of Scanio's sentence expired on November 27, 1991 due to his early release, his sentence ended two years later on November 26, 1993.

The majority also implicitly assumes that the Salvation Army could prematurely end the incarceration phase of Scanio's sentence at its option. Unlike in the context of good time allowances, where reduction of confinement is explicitly authorized by statute, *see, e.g.,* 18 U.S.C. § 4161, there has been no showing that the Salvation Army even possessed the authority to release Scanio early. More importantly, the Salvation Army certainly had no authority to modify Scanio's *sentence* as such, as would be necessary in order to reach the majority's conclusion that Scanio was not in custody on November 29, 1993.[5] The courts have generally frowned upon permitting even the courts themselves to modify a prisoner's sentence unless expressly authorized by statute. *See United States v. Fraley,* 988 F.2d 4, 6–7 (4th Cir. 1993) (absent statutory authority, the courts cannot modify a sentence *sua sponte* ); *United States v. Benefield,* 942 F.2d 60, 66 (1st Cir.1991) (recognizing limited capacity of courts to alter sentences even when statutorily authorized); *United States v. Whittington,* 918 F.2d 149, 151 (11th Cir.1990) (sentencing judge was prohibited from modifying prisoner's sentence after sentence was imposed); *United States v. Cook,* 890 F.2d 672, 675 (4th Cir.1989) (the district court cannot modify sentences because it merely changes its mind); *see also* 18 U.S.C. § 3582(c) ("court[s] may not modify a term of imprisonment once it has been imposed except" in the rare circumstances authorized by certain enumerated statutes). I am unaware of any support for the proposition that agencies, public or private—here, the Salvation Army—can, without any statutory authority, *sua sponte* alter the *sentences* of individuals remanded to their facilities for incarceration. Indeed, such a rule would seem anomalous on its face.[6] Yet, the majority, in relying on the date when the Salvation Army released Scanio from incarceration, in order to deter-

---

**5.** If Scanio began a three year *sentence* on November 30, 1990 and his *sentence* expired, as the majority asserts, on November 26, 1993, then his *sentence* would have been reduced by three days.

**6.** In this case, where the difference involves only a few days, the anomaly of a rule that permits an institution of incarceration to, in effect, reduce a

prisoner's *sentence* may not be apparent. However, if the Salvation Army can reduce Scanio's *sentence* by three days, I can think of no legal principle preventing it from reducing a defendant's *sentence* by one month, two months, a year or even more.

mine when his *sentence* expired, is, in effect, vesting that agency with the authority to reduce a defendant's *sentence.* It would surely be unique in a system which has so zealously guarded the authority to alter a person's *sentence,* to now hold that an agency, given no authority by statute or precedent, can on its own accord effectively eliminate a portion of a *sentence* imposed by a district court when the district court itself cannot do so. I believe the better rule, and the only one consistent with caselaw, is that a prisoner's *sentence* cannot be reduced unless specifically authorized by statute.

Unlike the majority, I believe we cannot rely on the date the Salvation Army released Scanio from incarceration to determine whether he was "in custody" for § 2255 purposes on November 29, 1993,[7] because, as stated, that requires reliance on unsupportable legal ground. Moreover, since there is no other evidence to support the district court's holding that on November 26, 1993, "all terms of Petitioner's sentence had been completed," I would hold that the district court's finding is "merely conclusory and as such [is] insufficient to indicate the factual basis for its ultimate conclusions...." *Fortner v. Balkcom,* 380 F.2d 816, 821 (5th Cir. 1967); *accord Kelley v. Everglades Drainage Dist.,* 319 U.S. 415, 421, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485 (1943); *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.,* 15 F.3d 1222, 1228 (1st Cir.1994); *Monarch Beverage,* 823 F.2d at 1192 ("it is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue") (quotations and citations omitted). Accordingly, I would remand to the district court with instructions to state the manner in which it reaches its ultimate conclusions or to make additional factual findings in order to support its conclusions. *See*

*Rule v. International Ass'n of Bridge, Structural & Ornamental Ironworkers, Local Union No. 396,* 568 F.2d 558, 568 (8th Cir.1977) ("When a District Court has failed to make appropriate findings of fact, an appellate court should not attempt to resolve factual issues on its own. In such circumstances, the appropriate action is to vacate the judgment and remand the case to the district court."); *see also Grimo,* 34 F.3d at 152–53 (since factual record was inadequate for appellate review, remand was proper).

Further, even assuming that appellant's sentence expired on November 26, 1993, I believe that the equitable principles embodied in Fed.R.Civ.P. 6(a) [8] require us to permit, as timely, the filing of this habeas petition on November 29, 1993, that being the first business day following the holiday weekend. The majority rejects appellant's claim that Rule 6(a) applies to this habeas corpus petition, on the ground that the "in custody" requirement of 28 U.S.C. § 2255 is a jurisdictional limitation. I consider this to be circular reasoning and I disagree with my colleagues that the application of Rule 6(a) would improperly enlarge federal court jurisdiction in this habeas case. I would hold that, absent a contrary policy expressed in the statute governing our review, we should interpret time limitations so as to promote the "considerations of liberality and leniency which find expression in Rule 6(a)...." *Union Nat'l Bank v. Lamb,* 337 U.S. 38, 41, 69 S.Ct. 911, 913, 93 L.Ed. 1190 (1949).

In *Lamb,* the Supreme Court held that Rule 6(a) applied where "no contrary policy [was] expressed in the statute governing [the Court's] review...." *Id.* This Court applied the *Lamb* approach in *Simon v. Commissioner of Internal Revenue,* 176 F.2d 230, 232 (2d Cir.1949). The appellant in *Simon* filed an appeal on July 24, 1947, from a

---

**7.** Again, the determination of whether a person is "in custody" for habeas purposes is controlled, not by the date when the person is released, but by the date when the sentence is completed. *See generally supra* note 2; 17A Charles Alan Wright et. al., *Federal Practice and Procedure* § 4262 (1988 & Supp.1993).

**8.** Fed.R.Civ.P. 6(a) provides, in pertinent part: In computing any period of time prescribed ... by any applicable statute, ... [t]he last day

of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

January 27, 1947 decision of the United States Tax Court. *Id.* at 231. The issue before the court was whether the filing of a motion for reconsideration on April 28, 1947 was timely; if so, the motion would operate to enlarge the time to file an appeal from the Tax Court decision. *See* Revenue Act of 1942, §§ 504, 1140, 1142, 53 Stat. 165. The Commissioner argued that the motion was untimely since it was filed one day after the three-month time limit for the filing of such motions. *Simon,* 176 F.2d at 231. Judge Jerome Frank, in an opinion joined by Chief Judge Learned Hand and Judge Charles Clark disagreed with the Commissioner. They held, in a section of the opinion entitled "Jurisdiction," that since April 27, 1947, the last day of the three-month period, was a Sunday, the filing of the appeal on Monday, April 28, 1947 was timely, pursuant to Rule 6(a). *Id.* at 232; *accord Kane v. Douglas, Elliman, Hollyday & Ives,* 635 F.2d 141, 142 (2d Cir.1980) (per curiam) (Rule 6(a) applied to the filing of Title VII claim).

Other circuits have also followed the reasoning of *Lamb* when the statute at issue was passed after the federal rule which provides the time computation. *See, e.g., Wood-Ivey Sys. Corp. v. United States,* 4 F.3d 961, 962–63 (Fed.Cir.1993) (construing the identical Claims Court Rule 6(a) to permit filing under the Contract Disputes Act of 1978, two days after the twelve month limitations period); *United Mine Workers of Am. v. Dole,* 870 F.2d 662, 665 (D.C.Cir.1989) (construing the virtually identical Fed.R.App.P. 26(a) and allowing the filing of a petition under the Mine Act two days after the 60–day limitations period); *In re Gotham Provision Co., Inc.,* 669 F.2d 1000, 1014 (5th Cir.) (applying Fed.R.Civ.P. 6(a) to compute period of filing notice under the Packers and Stockyards Act), *cert. denied,* 459 U.S. 858, 103 S.Ct. 129, 74 L.Ed.2d 111 (1982).

Instead of relying on this caselaw, the majority asserts that the "in custody" requirement of § 2255 is "jurisdictional" and therefore Rule 6(a), if applied herein, would impermissibly expand the jurisdiction of the federal courts. Although I agree with the majority that the "in custody" requirement is

jurisdictional, I disagree that Rule 6(a) is therefore inapplicable.

Rule 6(a) is an acknowledgment that the functioning of the courts is often interrupted by holidays, weekends and other events that make filing impossible. The Rule, grounded in notions of fairness, provides a practical mechanism to permit filings made on the first business day following the day when the court was inaccessible. *See Frey v. Woodard,* 748 F.2d 173, 175 (3d Cir.1984) ("We all know ... that the clerks' offices close on weekends, and Fed.R.Civ.P. 6(a) provides for the computation of time limits consistent with that reality."). Construing the use of Rule 6(a), in certain circumstances, as an expansion of jurisdiction to deny access to the courts ignores the practical purpose of the Rule and unnecessarily restricts its functioning in stifling formalism. *See generally* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1163, at 469 (1987) ("It is difficult to perceive how a legitimate governmental interest would be prejudiced by application of ... Rule 6 ... to federal statutes of limitations, ... [since it] would delay the expiration of a given period by, at most, two or three days, which is unlikely to inconvenience or prejudice anyone.").

Courts have often refused to so hamper Rule 6(a), explicitly rejecting the notion that it expands jurisdiction. In *Frey,* 748 F.2d at 175, for example, the Third Circuit characterized as "frivolous" the government's contention that the application of Rule 6(a) would "expand the jurisdiction of the district court." *Id.; accord Dole,* 870 F.2d at 665 ("time periods, including jurisdictional time periods, are to be construed in accordance with [rule that provides exemption for weekends and holidays]"); *Wood–Ivey,* 4 F.3d at 962–63 (rejecting the Claims Court's characterization that Claims Court Rule 6(a) was inapplicable because the filing was "jurisdictional"); *Simon,* 176 F.2d at 231–32 (holding that Rule 6(a) applied and the appeal was timely even though the Tax Court's jurisdiction depended upon the timely filing of the motion for reconsideration).

Moreover, cases in the notice of appeal context lend implicit support for the notion that Rule 6(a) does not expand jurisdiction of

a court even if used to permit a filing where timely filing is a jurisdictional issue. It is well-settled that the timely filing of a notice of appeal is "mandatory and jurisdictional." *United States v. Robinson,* 361 U.S. 220, 224, 80 S.Ct. 282, 285, 4 L.Ed.2d 259 (1960); *see also United States v. Batista,* 22 F.3d 492, 493 (2d Cir.1994) (per curiam) ("untimely filing of a notice of appeal is a jurisdictional defect"); *United States v. Ferraro,* 992 F.2d 10, 11 (2d Cir.1993) (per curiam). Yet, Fed. R.Civ.P. 6(a), and later the virtually identical Fed.R.App.P. 26(a), have consistently been utilized in the context of filings of notices of appeal. *See, e.g., Jones & Laughlin Steel Corp. v. Gridiron Steel Co.,* 382 U.S. 32, 32, 86 S.Ct. 152, 152, 15 L.Ed.2d 26 (1965) (per curiam) (Applying Rule 6(a), the Court held that "[s]ince the thirtieth day following entry of the judgment appealed from was Saturday and the notice of appeal was filed the following Monday, we hold that the filing of the notice of appeal was timely"); *Batista,* 22 F.3d at 492–93 (Although notice of appeal was due on Saturday, Court noted that Monday filing was timely by operation of Fed. R.App.P. 26(a)); *Telephone & Data Sys., Inc. v. Amcell F Atlantic City, Inc.,* 20 F.3d 501, 501–02 (D.C.Cir.1994) (per curiam) ("due to inclement weather, we conclude that the clerk's office was 'inaccessible' on [January 19, the day notice was due and January 20] and that notice of appeal was timely filed on January 21"); *Prudential Oil & Mineral Co. v. Hamlin,* 261 F.2d 626 (10th Cir.1958) (applying Rule 6(a) in notice of appeal context); *Wilson v. Southern Ry. Co.,* 147 F.2d 165, 166 (5th Cir.1945) (applying Rule 6(a) in the notice of appeal context and stating that "[t]he Rule does not attempt to change a jurisdictional statute, but merely provides a method of computing the statutory period").

Finally, considerations of fairness clearly tip the scales towards implementing Rule 6(a) to permit the filing of this habeas petition. Fairness is a principle that must inform all of our deliberations in the courts of the United States, even when the task requires us, in the first instance, to decide whether we have the power to hear and decide a litigant's claims. Jurisdiction and fairness are not naturally antagonistic concepts, and our courts' procedures should operate so as to avoid making them so. In my view, the majority does not give sufficient regard to fairness when it allows the district court to effectively thwart a litigant from complying with a legal requirement that he be "in custody" when he files a petition under 28 U.S.C. § 2255, because by happenstance the date his custody ends coincides with the date the court decides to close its doors for the holiday—and he thereafter files on the first day that the courthouse is open.

It is especially important to insure access to the courts in the context of habeas petitions. As the Supreme Court noted in *Harris v. Nelson,* 394 U.S. 286, 291, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281 (1969), "[t]he very nature of the writ [of habeas corpus] demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice ... are surfaced and corrected." *See also Hensley v. Municipal Court,* 411 U.S. 345, 350, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294 (1973) ("we have consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements").

Appellant should be able to have his day in court—win or lose. A needlessly rigid interpretation of the law as applied to the facts herein should not be permitted to deny appellant access to the federal courts.