15-2437-pr
Kaplan v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand sixteen.

PRESENT: GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,
CHRISTINA REISS,*
*Chief District Judge*.

------------------------------------------------------------------------

LEONID KAPLAN,
*Petitioner-Appellant*,

v.                                                                          15-2437-pr

UNITED STATES OF AMERICA,
*Respondent-Appellee*.

------------------------------------------------------------------------

FOR PETITIONER-APPELLANT:          LEONID KAPLAN, *pro se*, Fort Dix, New Jersey.

FOR RESPONDENT-APPELLEE:          MARTIN S. BELL, Assistant United States Attorney (Adam S. Hickey, *on the brief*), *for* Preet Bharara, United States Attorney

---

* Chief Judge Christina Reiss, United States District Court for the District of Vermont, sitting by designation.

for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Leonid Kaplan, proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion. Kaplan was convicted, following a guilty plea, of one count of conspiring to commit health care fraud and mail fraud, and received a sentence of 94 months incarceration. [1] The indictment charged that Kaplan defrauded insurance companies by billing for excessive and non-existent medical care for accident victims. Kaplan brought his § 2255 motion, and his current appeal, on the grounds that his attorney should have recognized, but did not, that he was eligible for a reduction in his base offense level, and that the waiver of appeal rights in his plea agreement (of any sentence equal to or below 97 months) is ineffective. [2] The Sentencing Guidelines provide that sentences for Kaplan's crime of conviction should be calculated under Section 2X1.1, which then uses Section 2B1.1 to calculate the offense level. Kaplan's plea agreement did not mention Section 2X1.1, which contains a subsection (2X1.1(b)(2)) that allows for a three-point offense level reduction in conspiracy cases in appropriate circumstances. We assume the

---

1 Kaplan also stipulated to restitution of $2,353,427 as well as forfeiture of the same amount, and received a supervised release term of three years.

2 We granted a certificate of appealability on the following issues: whether the waiver of collateral attacks in Appellant's plea agreement bars attacks on his conviction and whether counsel's advice to accept the plea agreement constituted ineffective assistance because counsel did not advise Appellant of the potential application of United States Sentencing Guideline § 2X1.1(b)(2), which directs that the offense level for a conspiracy offense should, in appropriate circumstances, be decreased by three levels.

parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal from a § 2255 ruling, this Court reviews the district court's findings of fact for clear error and conclusions of law *de novo*. *Scanio v. United States*, 37 F.3d 858, 859 (2d Cir. 1994). To establish a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient, and (2) the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Chrysler v. Guiney*, 806 F.3d 104, 117 (2d Cir. 2015). In evaluating whether counsel's performance fell below an "objective standard of reasonableness," courts must "indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 687–89.

Even assuming that his appeals waiver would not bar this appeal, Kaplan has not overcome *Strickland*'s presumption that counsel's conduct "[fell] within the wide range of reasonable professional assistance." Although Kaplan argues that counsel should have advised him of the potential applicability of the three-point offense level reduction under § 2X1.1(b)(2) prior to accepting his guilty plea, counsel could reasonably have believed that Kaplan was not entitled to such a reduction.

Kaplan agreed that he received over $2.3 million in proceeds as a result of his offense of conviction, and was ordered to pay that amount in restitution. Furthermore, he agreed in the plea agreement to withdraw "any and all" remaining insurance claims, which

3

amounted to hundreds of thousands of dollars in pending claims. The three-level reduction for conspiracies under § 2X1.1(b)(2) does not apply when "the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense." *Id.* Counsel could reasonably have determined that Kaplan had completed, or was about to complete but for his apprehension, all the acts necessary to obtain over $2.5 million in fraudulent health-care payments.[3] Accordingly, counsel could reasonably have determined that the acts had been completed under § 2X1.1(b)(2), and therefore, that Kaplan's offense level appropriately reflected an offense causing between $2.5 to $7 million in losses, without a three-level reduction. *See* U.S.S.G. § 2X1.1(b)(2).; *id.* § 2B1.1(b)(1)(J) (2012 Guidelines) (18 level increase for offenses causing $2.5 to $7 million in losses).[4]

---

3 Kaplan's ineffective assistance claim also fails on the second prong of *Strickland*, because he was not prejudiced by any deficiency in his counsel's performance. His total loss amount calculated for purposes of sentencing reasonably included the pending claims for a total of over $2.5 million, which still afforded him the 18 level increase under § 2B1.1.

4 Kaplan is not entitled to a lower offense level under Application Note 4 of § 2X1.1, either. Application Note 4 provides:

> In certain cases, the participants may have completed (or have been about to complete but for apprehension or interruption) all of the acts necessary *for the successful completion of part, but not all, of the intended offense*. In such cases, the offense level for the count (or group of closely related multiple counts) is whichever of the following is greater: the offense level for the intended offense minus 3 levels (under § 2X1.1(b)(1), (b)(2), or (b)(3)(A*)), or the offense level for the part of the offense for which the necessary acts were completed (or about to be completed but for apprehension or interruption).*

*Id.* (emphasis added). As described above, Kaplan completed sufficient acts to warrant an offense level of 18 for causing $2.5 million of loss. Even if the district court calculated Kaplan's intended loss for uncompleted acts and subtracted three levels, Application Note 4 would not result in a lower offense level than 18 because it applies the greater of the two levels.

We have considered all of Kaplan's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk