Rigas v. United States of America

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21ˢᵗ day of May, two thousand twenty one.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             MICHAEL H. PARK,
                     *Circuit Judges*.

_____

JOHN J. RIGAS, TIMOTHY J. RIGAS,

                 *Petitioners-Appellants*,

                 v.                                            20-2251

UNITED STATES OF AMERICA,

                 *Respondent-Appellee*.

_____

Appearing for Appellants:     Lawrence C. Marshall, Stanford, CA.

                              Megan Cunniff Church, Jordan A. Rice, Eugene A. Sokoloff, MoloLamken LLP, Chicago, IL and Washington, D.C. (*on the brief*).

Appearing for Appellee:       Alex Rossmiller, Assistant United States Attorney (Matthew Podolsky, Karl Metzner, Assistant United States Attorneys, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Wood, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

John J. Rigas and Timothy J. Rigas, former executives of Adelphia Communications Corporation, appeal from the May 15, 2020 order of the United States District Court for the Southern District of New York (Wood, *J.*) denying their motions to vacate their convictions and to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255. They argue that the government failed to honor its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by not disclosing its notes from pretrial interviews of Carl Rothenberger, Adelphia's lead outside counsel, and employees of Adelphia's suppliers, Motorola and Scientific Atlanta. None of these witnesses testified at trial. We have previously partially affirmed the Rigases' convictions, affirmed their amended sentences, and explained how the Rigases and their co-conspirators manipulated the books of Adelphia and certain privately-held Rigas-managed entities known as "RMEs" in furtherance of a "massive corporate fraud." *United States v. Rigas*, 583 F.3d 108, 111, 126 (2d Cir. 2009); *see also United States v. Rigas*, 490 F.3d 208, 212-19 (2d Cir. 2007). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the decision to deny a Section 2255 motion de novo and findings of fact for clear error. *See Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). "Due process imposes upon the government an obligation to disclose material evidence favorable to an accused." *United States v. Gaggi*, 811 F.2d 47, 59 (2d Cir. 1987). "Evidence is favorable if it is either exculpatory or impeaching, and it is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States. v. Rowland*, 826 F.3d 100, 111 (2d Cir. 2016). Defendants "need not show that the suppressed evidence would have resulted in an acquittal," but rather "that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id.* at 112 (internal quotation marks omitted). However, "no *Brady* violation occurs if the defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory evidence." *Gaggi*, 811 F.2d at 59.

The district court did not err in denying the Section 2255 motion. Even assuming it was not the law of the case that the Rigases were aware of the "essential facts" permitting them to take advantage of the undisclosed evidence, none of that evidence is materially exculpatory. At trial, the government presented overwhelming evidence of the Rigases' instructions to issue materially misleading disclosures and fraudulent intent in doing so. Because "[t]he assessment of materiality is made in light of the entire record," *United States v. Triumph Cap. Grp., Inc.*, 544 F.3d 149, 161 (2d Cir. 2008), the new evidence does not reasonably undermine our confidence in the jury's verdict, *see Rowland*, 826 F.3d at 112.

To the extent the district court's order suggested that John J. Rigas's application should be construed as seeking a writ of coram nobis, that would have been error because the Section 2255 motion was first filed in 2011, when John J. Rigas was still incarcerated, and the statute's

"in custody" requirement refers to the applicant's status at the time of filing. *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994). However, we do not vacate the order and remand the case on this ground because the district court nevertheless conducted a rigorous Section 2255 analysis as to both defendants and merely suggested, in a footnote, that John J. Rigas's petition would also fail under the stricter coram nobis standards. *See Rigas*, 2020 WL 2521530, at *4 n.1, *5-17.

We have considered the remainder of the Rigases' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3