UNITED STATES of America, Appellee,

v.

Juan BATISTA, Defendant–Appellant.

No. 448, Docket 93–1338.

United States Court of Appeals,
Second Circuit.

Submitted March 11, 1994.

Decided April 26, 1994.

Richard S. Cramer, Wethersfield, CT, for defendant-appellant.

Christopher F. Droney, U.S. Atty. for the Dist. of Conn. (Alex V. Hernandez, Asst. U.S. Atty., New Haven, CT, of counsel), for appellee.

Before: WALKER and JACOBS, Circuit Judges, and OWEN, District Judge.*

PER CURIAM:

Defendant-appellant Juan Batista appeals from a judgment of the United States District Court for the District of Connecticut (José A. Cabranes, *Chief Judge* ), entered on April 7, 1993. Richard S. Cramer, Batista's appointed counsel, filed a notice of appeal, and thereafter moved to be relieved as assigned appellate counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The government cross-moved for summary affirmance.

■ A *sua sponte* review of the district court docket revealed that Batista's notice of appeal was not timely filed under Rule 4(b) of the Federal Rules of Appellate Procedure. Rule 4(b) requires a criminal defendant to file a notice of appeal within ten days after judgment is entered against him. Since the judgment in this case was entered on April 7, 1993, and since the tenth day thereafter fell on a Saturday, the notice of appeal should

---

* The Honorable Richard Owen, United States District Judge for the Southern District of New York, sitting by designation.

have been filed no later than Monday, April 19, 1993. Fed.R.App.P. 26(a). Batista's April 22, 1993 notice was therefore untimely.

■ The untimely filing of a notice of appeal is a jurisdictional defect that necessitates dismissal of the appeal without reaching its merits. *United States v. Ferraro,* 992 F.2d 10, 11 (2d Cir.1993). However, in addition to setting the ten day time period within which an appeal must be noticed, Rule 4(b) also provides an exception to the general rule: "Upon a showing of excusable neglect the district court may—before or after the time has expired, with or without motion and notice—extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." Thus, Rule 4(b) provides a thirty day window within which an untimely notice of appeal may be resurrected by the district court upon a finding of excusable neglect. On this appeal, we must decide whether the filing of an untimely notice within that thirty day window should be treated by the district court as a request for an extension of time in which to file such notice. We conclude that it should. Because of the importance of the issue, this opinion was circulated to all active judges of this court prior to filing.

■ It is settled law in this circuit that the untimely filing of a notice of appeal in a *civil* case will not be treated as a motion for an extension of time under Rule 4(a)(5). *Campos v. LeFevre,* 825 F.2d 671 (2d Cir. 1987), *cert. denied,* 484 U.S. 1014, 108 S.Ct. 718, 98 L.Ed.2d 667 (1988). Our construction of Rule 4(a)(5) as requiring a formal motion, however, was required by the text of Rule 4(a)(5) which allows a district court to grant an extension *"upon motion* filed not later than 30 days after" the notice of appeal originally was due, and also by the Advisory Committee Notes accompanying the 1979 amendments to Rule 4(a)(5) which made clear that "the application [for an extension] must be made by motion." *See id.* at 675. We were also motivated by a desire to maintain uniformity with all other circuit courts that previously had decided the issue. *Id.* at 675–76.

The factors that influenced our decision in *Campos v. LeFevre* do not require a similar conclusion here. Apart from the fact that the interests normally involved in criminal appeals are different from those in civil appeals, the text of the rules governing appellate procedure in the two contexts is also different. Unlike Rule 4(a)(5), Rule 4(b) permits a district court to extend the ten day period for filing the notice of appeal in a criminal case "before or after the time has expired, *with or without motion and notice."* (Emphasis added). Accordingly, although we have never explicitly held so, some of our opinions have indicated that a filing that falls short of a formal motion may be treated as a request for an extension of time in a criminal appeal. *See, e.g., United States v. Koziel,* 954 F.2d 831, 833–34 (2d Cir.1992); *United States v. Detrich,* 940 F.2d 37, 38 (2d Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1242, 117 L.Ed.2d 475 (1992).

We now explicitly hold that where a criminal defendant files a notice of appeal after the ten day deadline of Rule 4(b), but before the additional thirty day period for requesting extensions has expired, the district court should treat the notice as a request for an extension. This holding is supported by the fact that Rule 4(b) does not require formal motion practice, and the filing of a notice of appeal indicates to the district court the defendant's intention and desire to appeal. Furthermore, in this context the only practical difference between a formal motion and a notice of appeal is that the latter normally will not contain a proffer of excusable neglect. Allowing the district court to receive that proffer at a later point does no violence to either the letter or spirit of Rule 4(b). This result is in accord with that reached by each of our sister circuits to have considered the question. *See United States v. Wrice,* 954 F.2d 406, 408–10 (6th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 112 S.Ct. 2286, 119 L.Ed.2d 211 (1992); *United States v. Long,* 905 F.2d 1572, 1574–75 (D.C.Cir.), *cert. denied,* 498 U.S. 948, 111 S.Ct. 365, 112 L.Ed.2d 328 (1990); *United States v. Vastola,* 899 F.2d 211, 221–22 (3d Cir.), *vacated on other grounds,* 497 U.S. 1001, 110 S.Ct. 3233, 111 L.Ed.2d 744 (1990); *United States v. Anna,* 843 F.2d 1146, 1147–48 (8th Cir.1988); *United States v. Kaden,* 819 F.2d 813, 816–17 (7th Cir.1987); *United States v. Golding,* 739

F.2d 183, 184 (5th Cir.1984) (per curiam); *United States v. Rothseiden,* 680 F.2d 96, 98 (11th Cir.1982); *United States v. Lucas,* 597 F.2d 243, 245 (10th Cir.1979) (per curiam).

█ Because Batista's notice of appeal was filed after the ten day time period but within the thirty day period for requesting an extension, it should be treated as a request for an extension of the time to file. Since such a request may only be granted where the defendant's default resulted from "excusable neglect," a district court faced with such a request must make a finding on that issue and, if excusable neglect is found, decide whether to exercise its discretion by granting the application. *See United States v. Hooper,* 9 F.3d 257 (2d Cir.1993).

As the present appeal has not been perfected, jurisdiction over the case remains with the district court; accordingly, the appeal is dismissed without prejudice to further proceedings consistent with this opinion. If the district court decides to grant an appropriate extension then the notice of appeal will become effective *nunc pro tunc, see Wrice,* 954 F.2d at 409–10; *Vastola,* 899 F.2d at 221, and upon notice to this court by either party of the district court's decision, the appeal may then proceed before this panel without further briefing.