104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Juan LOPEZ, aka Ernesto Molina, aka Pedro A. Martinez,
Defendant-Appellant.
 No. 95-1486.
 United States Court of Appeals, Second Circuit.
 Sept. 11, 1996.
 
 Appearing for Appellant: Earle Giovanniello, Danilowitz & Giovanniello, N.Y., N.Y.; Juan Lopez pro se, Laredo, Pa.
 Appearing for Appellee: Lewis J. Liman, Ass't U.S. Att'y, SDNY, N.Y., N.Y.
 Before MESKILL, KEARSE and MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the appeal be and it hereby is dismissed for lack of appellate jurisdiction.
 
 
 3
 Defendant Juan Lopez, aka "Ernesto Molina," aka "Pedro A. Martinez," seeks to appeal from a judgment of conviction entered in the United States District Court for the Southern District of New York following his plea of guilty before John G. Koeltl, Judge. We dismiss the appeal sua sponte for lack of jurisdiction because no notice of appeal was filed within the period prescribed by Fed. R.App. P. 4(b), and no timely motion was made in the district court for an extension of the time to appeal, see id.; see also Fed. R.App. P. 26(b) (court of appeals has no power to extend the time for appeal).
 
 
 4
 Preliminarily, we note that in a letter response to this Court's questioning of whether a timely notice of appeal had been filed, and hence whether this Court has jurisdiction to entertain the present appeal, counsel for Lopez has argued that "[b]ecause the Government did not raise the issue here, the Court need not consider it. See Tryforos v. Icarian Development Co., S.A., 518 F.2d 1258, 1264 (7th Cir.1975)[, cert. denied, 423 U.S. 1091 (1976) ]." Lopez's reliance on Tryforos is misplaced. The flaw there was that the notice of appeal had not been signed by a member of the local Bar, a defect that the court noted "was surely not jurisdictional." Id. In contrast, a notice of appeal that is untimely fails to give the court of appeals jurisdiction. See, e.g., United States v. Robinson, 361 U.S. 220, 224 (1960) (construing predecessor to Fed. R.App. P. 4(b)); United States v. Koziel, 954 F.2d 831, 833 (2d Cir.1992). When such jurisdiction is lacking but no party has raised the issue, we have the duty to dismiss sua sponte. See generally Louisville & Nashville Railroad v. Mottley, 211 U.S. 149, 152 (1908). Accordingly, we turn to the question of timeliness.
 
 
 5
 A defendant's notice of appeal from a judgment of conviction in a criminal case, assuming that the government does not appeal, must be filed within 10 days after entry of the judgment. See Fed. R.App. P. 4(b). In the present case, the judgment of conviction was entered on March 14, 1995; the government did not appeal; the deadline for an appeal by Lopez was thus March 24, 1995. Lopez's notice of appeal was not filed until approximately August 7, 1995.
 
 
 6
 On August 3, 1995, Lopez, noting that he had "failed to file a notice of appeal within the required number of days," sought leave to file his notice of appeal out of time. However, the district court is permitted to extend the time for appeal only "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by [Rule 4(b) ]." Fed. R.App. P. 4(b). Since Lopez's August 3 motion was not filed within 30 days of his March 24 deadline, the district court had no authority to grant an extension. See also United States v. Batista, 22 F.3d 492, 493 (2d Cir.1994) (late filing of a notice of appeal in a criminal case may be treated as a motion for an extension of time under Rule 4(b), but only if filed not more than 30 days past deadline).
 
 
 7
 Accordingly, the present appeal is untimely and is dismissed for lack of appellate jurisdiction.