104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Ronald Louis DESDUNE, also known as Desdoo, Defendant-Appellant.
 No. 96-2367.
 United States Court of Appeals, Second Circuit.
 Nov. 8, 1996.
 
 APPEARING FOR APPELLANT: Ronald Desdune, pro se, Loretto, Penn.
 APPEARING FOR APPELLEE: George A. Stamboulidis, Assistant U.S. Attorney, EDNY, Brooklyn, N.Y.
 E.D.N.Y.
 REMANDED.
 Before FEINBERG, LEVAL, and PARKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this case be, and it hereby is, remanded to District Court.
 
 
 3
 Ronald Louis Desdune, pro se and incarcerated, appeals from an order of the United States District Court for the Eastern District of New York (Raggi, J.), entered March 22, 1996, denying his motion for reduction of sentence made pursuant to 18 U.S.C. § 3582(c)(2). We remand to the district court for further proceedings in accordance with this order.
 
 
 4
 On March 4, 1996, Ronald Desdune moved for a reduction of sentence based upon an amendment to the sentencing guidelines. Desdune, whose indictment sprang from his involvement with a group engaged in narcotics trafficking, pled guilty to conspiring to distribute cocaine, crack, and heroin in violation of 21 U.S.C. § 846 and to conspiring to launder money in violation of 18 U.S.C. § 1956(a)(1). He was sentenced on October 9, 1992 by Judge Raggi.
 
 
 5
 At sentencing, the parties agreed that Desdune's base offense level was 40, under U.S.S.G. § 2D1.1(c)(2). It was reduced three levels for Desdune's acceptance of responsibility, yielding a final level of 37. Accordingly, Judge Raggi sentenced Desdune to 210 months imprisonment, which was the bottom of the range for level 37 in Criminal History Category I. Judgment was entered on November 5, 1992.
 
 
 6
 On November 1, 1994, the Sentencing Commission adopted Amendment 505 to the Sentencing Guidelines, which reduced the maximum base level under § 2D1.1(c) of the drug table from level 42 to level 38. If applied to this case, this required reducing Desdune's base level to a maximum of 38. The three-level reduction given to Desdune for acceptance of responsibility, would result in an adjusted level of 35 instead of 37. Application of Amendment 505 to Desdune's case on a retroactive basis was explicitly authorized, although not required, by U.S.S.G. § 1B1.10(c). Section 3582(c)(2) of Title 18 U.S.C. provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... upon motion of the defendant, ... or on its own motion, the court may reduce the term of imprisonment."
 
 
 7
 Desdune filed a motion on March 4, 1996 seeking a reduced sentence on account of the amendment. The district court rejected Desdune's motion. By endorsement order, the judge wrote that Desdune "was not assigned a base offense level of 42. Rather, by agreement of the parties, his base offense level was held to be 40, the same as it would be under the amended [drug table]." It appears this statement misperceived the facts. Under the amendment, Desdune's base offense level could not have been 40. The maximum base offense level under the amended table is 38. This did not necessarily mean, however, that Desdune was entitled to a reduction of sentence, because the governing provisions leave retroactive application to the discretion of the district court.
 
 
 8
 A further complication arises from the fact that the date on Desdune's notice of appeal suggests that he may have submitted it to the prison officials one day past the filing deadline of 10 days after the filing of the district court's order. See Fed. R.App. P. 4(c) (in prisoner cases, date motion is delivered to prison officials is constructive date of filing). There have been no factual findings on this issue. We have held, however, that when an appeal is filed untimely but within the 30-day grace period provided by the rule, the district court should construe the notice of appeal as a request for extension of time to file and determine whether excusable neglect can justify accepting the untimely appeal. United States v. Batista, 22 F.3d 492, 493 (2d Cir.1994).
 
 
 9
 On remand, therefore, the district court should treat the untimely notice of appeal as including a request for an extension of time and consider whether, on the basis of excusable neglect, Desdune's appeal can be heard. In view of the apparent mistake regarding the effect of Amendment 505 on Desdune's case, the district court might also reconsider whether to grant his motion for reduction of sentence based on the retroactive guideline change. The appeal from the district court's ruling, if any, will be referred to this panel for disposition.