107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Richard LAWLOR, Defendant-Appellant.
 No. 96-1337.
 United States Court of Appeals, Second Circuit.
 Feb. 21, 1997.
 
 Appearing for Appellee: George A. Yanthis, Asst. U.S. Attorney, N.D.N.Y. (Thomas J. Maroney, U.S. Attorney, of counsel)
 Appearing for Appellant:Hollie E. Bethman, Troy, NY
 PRESENT: HON. JOSEPH M. MCLAUGHLIN, HON. GUIDO CALABRESI HON. DONALD P. LAY,* Circuit Judges.
 ORDER
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, J.), it is hereby
 
 
 1
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is DISMISSED without prejudice.
 
 
 2
 Defendant Richard Lawlor appeals from a judgment entered on March 25, 1996, by the United States District Court for the Northern District of New York (Scullin, J.). Lawlor pleaded guilty to resisting a correctional officer in violation of 18 U.S.C. § 111(a)(1). The court sentenced him to one year of imprisonment to be served consecutively to his prior sentence, one year of supervised release with special conditions, and a special assessment in the amount of $ 25. The district court filed its judgment on March 25, 1996, and the defendant, pro se, filed a notice of appeal with the district court on April 24, 1996.
 
 
 3
 Given that the notice of appeal was filed outside the ten-day time limit of Fed. R.App. P. 4(b), we would ordinarily dismiss this case for want of jurisdiction. Yet this court has held that, in the criminal context, a notice of appeal that is filed within a thirty-day time limit must be considered as a motion for an extension of time. United States v. Batista, 22 F.3d 492, 493 (2d Cir.1994). As the notice in this case was filed within thirty days of the judgment, we must therefore remand to the district court so that it can consider the notice as such an application. On remand, the district court must determine whether the defendant's default resulted from "excusable neglect," and if excusable neglect is found, it must decide whether to exercise its discretion to grant the application. Id. at 494.
 
 
 4
 The appeal is dismissed.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation