Gregory **BROWN**, Petitioner,

v.

**UNITED STATES of America,** Respondent.

No. 97–CV–537.

United States District Court, N.D. New York.

Nov. 26, 1997.

---

Gregory Brown, Raybrook, NY, Pro Se.

Thomas J. Maroney (Joshua J. Nesbitt, Asst. U.S. Atty., of counsel), Office of United States Attorney, Albany, NY, for respondent.

### MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

In this matter, the Court is asked to address an issue remanded by the Second Cir-

motion for the same need not be addressed.

cuit as well as issues raised in petitioner's 28 U.S.C. § 2255 motion. On remand is the issue of whether the untimely filing of a notice of appeal by petitioner's standby trial counsel was "excusable neglect" as understood by Fed. R.App. P. 4(b). If the Court finds that there was excusable neglect, petitioner may appeal this Court's revocation of petitioner's supervised release.

In his § 2255 motion, petitioner asserts that the failure of his standby counsel at trial to file a timely notice of appeal constituted ineffective assistance of counsel. Petitioner also reiterates claims involving the revocation of his supervised release which were raised in his untimely appeal.

For the reasons stated below, this Court finds that there was excusable neglect when petitioner's standby counsel at trial did not file timely notice of appeal. Thus, petitioner may appeal the decision of this Court revoking his supervised release. Accordingly, the ineffective assistance of counsel issue is moot and this Court leaves the substantive claims that petitioner raises in his § 2255 motion to be decided on appeal.

## I. BACKGROUND

On November 14, 1990, in the Western District of New York, petitioner was sentenced to 36 months of incarceration followed by 24 months of supervised release.[1] Subsequently, after a violation hearing at which petitioner represented himself with the aid of standby counsel, the Court issued an order, dated August 20, 1996, revoking petitioner's supervised release. On September 3, 1996, petitioner's standby counsel filed an untimely appeal.[2] Consequently, in an unpublished Summary Order filed March 18, 1997, the Second Circuit remanded the action to this Court to determine "whether the untimeliness of filing was attributable to excusable neglect within the meaning of Fed. R.App. Proc. 4(b)." Summary Order, at 3.

In May of 1997, petitioner filed the instant § 2255 motion, asserting a claim of ineffective assistance of counsel and several claims involving the Court's decision to revoke petitioner's supervised release.

## II. DISCUSSION

The Second Circuit has held that in cases of untimely filed notices of appeal Rule 4(b) "provides a thirty day window within which [such an] appeal may be resurrected by the district court upon a finding of excusable neglect." *United States v. Batista* 22 F.3d 492, 493 (2d Cir.1994). If notice of appeal is filed within this thirty day window, the district court is to treat the untimely notice as a request for an extension of time in which to file a notice of appeal. *Id.* Here, petitioner filed his untimely notice on September 3, three days after the ten day deadline provided for in Fed. R.App. P. 4(b). Therefore, petitioner filed the notice of appeal within *Batista*'s thirty day window, and thus the untimely notice of appeal should be treated as a request for an extension of time to file a timely notice of appeal.

This request may be granted only if the Court determines that petitioner's default resulted from "excusable neglect." *Batista,* 22 F.3d at 494. The Supreme Court, in *Pioneer Inv. Services, Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74, (1993), held that "the determination of whether the late notice of appeal resulted from excusable neglect is an equitable one," which considers: "the danger of prejudice to the [party seeking to appeal], the length of the delay and its potential impact on judicial proceedings, the reason for the delay including whether it was within the

---

1. This sentence was imposed for convictions on charges of: false representation, in violation of 18 U.S.C. §§ 499, 912, and 1001; embezzlement of United States' funds, in violation of 18 U.S.C. § 641; possession of false identification, in violation of 18 U.S.C. § 1028; unlawful importation of goods, in violation of 18 U.S.C. § 545; and

threatening harm to a witness, in violation of 18 U.S.C. § 1513.

2. Fed. R.App. P. 4(b) requires that, in a criminal case, a notice of appeal must be filed within 10 days after the entry of the judgment or order appealed from.

reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. at 1498. Although *Pioneer* considers excusable neglect in a bankruptcy case, the Second Circuit has concluded that the *Pioneer* standard applies in criminal cases. *United States v. Hooper,* 9 F.3d 257, 259 (2d Cir.1993).

Applying the *Pioneer* factors to the instant case, this Court concludes that there was excusable neglect on the part of petitioner's standby trial counsel. First, as to the risk of prejudice, petitioner seeks to appeal several issues regarding whether this Court erred in revoking petitioner's supervised release. Thus, petitioner's basic liberty is at stake and may be prejudiced by a refusal to permit an appeal. Second, the length of the delay was only one business day. Third, the reason for the delay here was due, at least in part, to the fact that petitioner was proceeding *pro se.* Indeed, the record is silent on the issue of whether counsel or petitioner knew that he or the other was responsible for filing the notice of appeal. Consequently, there may have been excusable neglect due to confusion about who was responsible for handling the filing of the notice of appeal.[3] Therefore, the Court presumes, in the absence of evidence or even an allegation that counsel or petitioner was aware that he was responsible for, or in control of, the filing of the notice of appeal, that petitioner's proceeding *pro se* provides a reason to find excusable neglect.[4] This reason, however, is not conclusive; it is simply considered along with the other *Pioneer* factors.

Considering the final *Pioneer* factor, there is nothing in the record to suggest that there was bad faith on the part of petitioner or his counsel with respect to the delay in filing the notice of appeal.

## III. CONCLUSION

For the reasons stated above, the Court finds that there was excusable neglect when petitioner's counsel failed to file a timely notice of appeal. Therefore, this Court GRANTS to petitioner the right to file an appeal within thirty (30) days of the date of this Order. Consequently, the Court need not address petitioner's § 2255 motion.

IT IS SO ORDERED.

---

3. The *Pioneer* Court stated that the word "neglect" encompassed "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness," and that "the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer,* 507 U.S. at 388, 113 S.Ct. at 1494–95.

4. If the record provided some indication that one of the two knew he was obliged to file the notice of appeal—e.g. in correspondence between the party and counsel—that fact would greatly diminish the importance of petitioner's proceeding *pro se. Compare U.S. v. Hooper,* 43 F.3d 26 (2d Cir.1994) (in a non-*pro se* case, where counsel

knew that he was to file the appeal and had control over the timing of the appeal, his assistant's ignorance of the rule establishing the deadline for criminal appeals, which could not have resulted from any plausible misconstruction of the law, was not excusable neglect); *U.S. v. Clark,* 51 F.3d 42, 44 (5th Cir.1995) (asserting in dicta that in non-*pro se* case where counsel knew of his obligation to file the notice of appeal, a district court's finding of excusable neglect on remand would be "extraordinary" where "noticing an appeal … required nothing unusual or difficult," and where, unlike in *Pioneer,* there was no "dramatic ambiguity" in the language of the rule governing timely appeals).