**Dion McKNIGHT, Appellant,**

v.

**UNITED STATES, Appellee.**

District of Columbia Court of Appeals.

Dec. 28, 2000.

---

---

Before STEADMAN, Associate Judge, and FERREN and NEBEKER, Senior Judges.

PER CURIAM:

Following appellant's sentence for assault and destruction of property, the Clerk of the Superior Court entered and docketed the judgment and commitment order on November 12, 1999. Appellant did not file a notice of appeal from that judgment until December 17, 1999, four days late under the rules of this court. D.C.App. R. 4(b)(1). Appellee filed a motion to dismiss citing lack of jurisdiction due to the tardiness of the notice of appeal. Counsel for appellant filed an opposition to the motion to dismiss requesting a stay of the proceedings asserting that he intended to seek relief in the Superior Court under the theory of excusable neglect. By the order entered on December 14, 2000, we granted the motion to dismiss but with instructions to the Superior Court to con-

strue the notice of appeal as a motion for extension of time under D.C.App. R. 4(b)(3). The purpose of this opinion is to set forth the reasoning underlying the action taken by that order.

Pursuant to D.C.App. R. 4(b)(1) a notice of appeal must be filed within thirty days after entry of the judgment or order from which the appeal is taken unless a different time is specified by the D.C.Code. The time limits set forth in D.C.App. R. 4(b) are both mandatory and jurisdictional. *United States v. Jones,* 423 A.2d 193, 196 (D.C.1980). Because appellant filed his notice of appeal more than thirty days after entry of the judgment, he is time barred from pursuing relief in this court. However, "[u]pon a showing of excusable neglect the Superior Court may, before or after the time prescribed by paragraph (1) has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed thirty days from the expiration of the time otherwise prescribed by paragraph (1)." D.C.App. R. 4(b)(3). The issue presented in this matter is how this court should treat a notice of appeal filed within the thirty-day extension period afforded by D.C.App. R. 4(b)(3).

Like its federal counterpart, D.C.App. R. 4(b)(3) provides that upon a showing of excusable neglect the Superior Court may *'with or without motion and notice'* extend the time for filing a notice of appeal for a period not to exceed thirty days.[1] According to 20 MOORE'S FEDERAL PRACTICE § 304.25 n. 6, "[l]ate filed notices of appeal [are treated] as extension requests." In *United States v. Batista,* 22 F.3d 492, 493 (2d Cir.1994), the court concluded that where a criminal defendant files a notice of appeal before expiration of the period allotted for requesting extensions has expired, the notice should be treated as a request for an extension of time. This

---

1. In the absence of any prior precedent interpreting Rule 4(b)(3) in this context, we "may look to the federal court decisions interpreting the federal rule as persuasive authority in interpreting the local rule." *Peoples v. Warfield & Sanford, Inc.,* 660 A.2d 397, 403 n. 3 (D.C.1995).

court adopts the reasoning utilized by the Second Circuit in arriving at that conclusion. Because the extension may be afforded with or without a motion, and the filing of a notice of appeal indicates a desire to pursue appellate relief, a notice filed within that time period shall be construed as a motion for extension and remanded to the lower court. "[I]n this context the only practical difference between a formal motion and a notice of appeal is that the latter normally will not contain a proffer of excusable neglect. Allowing the district court to receive that proffer at a later point does no violence to either the letter or spirit of Rule 4(b). This result is in accord with that reached by each of our sister circuits to have considered the question." *Id.*

There is no justification to stay the appeal or hold this matter in abeyance so that counsel may seek relief under excusable neglect. In the event the trial court refuses to grant an extension under the theory of excusable neglect, there would be no way to cure the jurisdictional defect in the late filing of this notice of appeal. Therefore, when a notice of appeal is filed after expiration of the thirty day time period under D.C.App. R. 4(b)(1), but prior to expiration of the thirty-day extension period afforded under D.C.App. R. 4(b)(3), we shall transfer the notice of appeal to the Criminal Division of the Superior Court to be construed as a motion for extension of time, and dismiss the appeal. In the event that the trial court should find excusable neglect and grant the motion for an extension of time, the appellant should file a motion in this court to have the appeal reinstated.

*So ordered.*

