**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Javier Jaramillo MONTOYA,**
**Defendant–Appellant.**

**Docket No. 02–1285.**

United States Court of Appeals,
Second Circuit.

Submitted May 5, 2003.

Decided: July 8, 2003.

Jose Javier Jaramillo Montoya, Pro Se, Edgefield, SC.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (David C. James and Patricia A. Pileggi, Assistant United States Attorneys for the Eastern District of New York, on the brief), Brooklyn, N.Y. for Appellee.

Before: WALKER, Chief Judge, CARDAMONE and SOTOMAYOR, Circuit Judges.

PER CURIAM.

This case requires us to determine whether an amendment to Fed. R.App. P. ("Rule") 26, which governs how to compute

periods of limitations specified in the Federal Rules of Appellate Procedure, applies retroactively to a notice of appeal docketed by the district court. We find that, under the circumstances of this case, the amended rules regarding computation of time apply retroactively and, hence, that defendant's notice of appeal was filed within the thirty-day grace period provided in Fed. R.App. P. 4(b)(4). However, because we lack jurisdiction to consider whether defendant's untimely notice of appeal should be accepted, we dismiss this appeal without prejudice so that the district court can consider whether defendant can demonstrate "good cause" or "excusable neglect" for failure to file his notice of appeal within the ten-day period provided in Rule 4(b)(1)(A).

Defendant Montoya was convicted in 1987 after a jury trial for his involvement in a cocaine distribution conspiracy. In October 2001, Montoya filed a motion to correct his sentence pursuant to former Rule 35(a). The district court denied that motion in an order entered on March 21, 2002 and Montoya filed a notice of appeal with the district court. On May 6, 2002, the district court docketed Montoya's notice of appeal, which was dated May 1, 2002 and postmarked May 2, 2002.

Under Rule 4(b)(1)(A), a notice of appeal must be filed within ten days of the entry of a judgment or order being appealed. Rule 4(b)(4) allows the district court to extend the time in which a party may appeal if the party files a motion for an extension of time no later than 30 days from the end of the ten-day period provided in Rule 4(b)(1)(A). However, the party must demonstrate "good cause" or "excusable neglect" for his failure to timely file a notice of appeal. In *Batista*, we held that a notice of appeal filed after the ten day deadline, but before the expiration of the thirty-day grace period, should be treated by the district court as a request for an extension. *See United States v. Batista*, 22 F.3d 492, 493 (2d Cir.1994).

In this case, the district court's order denying Montoya's Rule 35(a) motion was entered on March 21, 2002. Normally, we would simply calculate the days elapsed to determine whether Montoya's notice of appeal was filed within ten days and, if not, whether it was filed within the thirty-day grace period. However, in this case we must determine exactly how the ten-day and thirty-day periods are to be calculated because the rule governing the calculation of time under the Federal Rules of Appellate Procedure was amended while Montoya's appeal was pending. *See* Order of the Supreme Court of the United States Adopting and Amending Rules, Order of April 29, 2002 (amending, *inter alia*, Fed. R.App. P. 26) ("Order of April 29, 2002"). Under the previous version of Rule 26(a)(2), in effect when defendant filed his notice of appeal in May 2002, "intermediate Saturdays, Sundays, and legal holidays" were not counted toward the period of limitations "when the period is less than 7 days," but were counted for all other periods. Fed. R.App. P. 26(a)(2) (2002). Under the amended Rule 26(a)(2), when calculating a period of limitations of less than *eleven* days, weekend days and legal holidays are excluded. *See* Fed. R.App. P. 26(a)(2) (as amended and effective December 1, 2002).

Although a seemingly minor alteration of the rule, the difference between the two methods of calculating the limitations period matters in this case. It ultimately determines the end of Rule 4(b)(4)'s thirty-day grace period, and hence whether Montoya's notice of appeal was filed within that period and should be construed as a motion for an extension of time in which to file a notice of appeal pursuant to *Batista*. Counting from March 21, 2002, the date

the district court docketed its order, Montoya had until April 1, 2002 to file a timely notice of appeal under old Rule 26(a)(2) because the tenth day, March 31, 2002, fell on a Sunday. *See* Fed. R.App. P. 26(a)(3) ("Include the last day of the period unless it is a [weekend day or] legal holiday ....."). Under the amended version of Rule 26(a), because weekend days do not count toward the calculation of the ten-day limitation period, Montoya would have until April 4, 2002 to file a timely notice of appeal. In either case, Montoya's notice of appeal, dated May 1, 2002, postmarked May 2, 2002, and docketed by the district court on May 6, 2002, was untimely.

However, because the end of that ten-day limitation period marks the beginning of the thirty-day grace period provided in Rule 4(b)(4), the applicability of the amendment of Rule 26(a) determines whether Montoya's grace period extended until May 1 or May 6, 2002. If the amended Rule 26 applies retroactively to Montoya's notice of appeal, his notice of appeal was filed within the thirty-day grace period. If old Rule 26 applies, then a factual question arises regarding whether Montoya handed his notice of appeal to a prison guard on May 1, 2002. If he did, it would be deemed filed within the thirty-day grace period pursuant to the "prison mailbox rule." *See Houston v. Lack,* 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that *pro se* prisoner's notice of appeal is considered "filed" for purposes of Fed. R.App. P. 4 at the moment of delivery to prison authorities for forwarding to the district court).

The Supreme Court's April 29, 2002 order promulgating the amendment to Rule 26 states that the "amendments to the Federal Rules of Appellate Procedure," including the amendment to Rule 26, "shall take effect on December 1, 2002, and shall govern in all proceedings in appellate cases

thereafter commenced and, *insofar as just and practicable, all proceedings then pending.*" *See* Order of April 29, 2002 (emphasis added). Because we conclude that Montoya's notice of appeal was filed, and no determination has been made as to lack of jurisdiction, his appellate case was "then pending" for purposes of determining the timeliness of his notice of appeal, as of December 1, 2002. *See United States v. Powers,* 168 F.3d 943, 946–47 (7th Cir.1999) (interpreting identical enabling language and applying an amended version of Fed. R.App. P. 4 retroactively to a notice of appeal that would have been a nullity under circuit precedent absent the amended rule); *Cleveland v. Porca Co.,* 38 F.3d 289, 294 (7th Cir.1994) (interpreting identical enabling language and applying an amended version of Fed. R.App. P. 3(c) retroactively to a notice of appeal filed prior to the effective date of the amendment).

■ Next, we consider whether application of the amended Rule 26(a) is "just and practicable." We think that it is in this case. According an incarcerated *pro se* prisoner the benefit of an amended rule is "just" in the sense that it comports with the Supreme Court's appreciation of the limiting conditions under which *pro se* prisoners operate when communicating with the courts. *See Houston,* 487 U.S. at 270–71, 108 S.Ct. 2379 (noting that, unlike other litigants, a *pro se* prisoner cannot personally ensure that his notice of appeal is filed in a timely manner). Applying the amended rule is also "practicable": it does not prejudice the government because it is probable that applying the prior rule would not yield a different result but would simply prolong these proceedings. Under the prior version of Rule 26, the matter would not be necessarily resolved in the government's favor: Montoya would be given an opportunity to demonstrate

that he, in fact, handed his notice of appeal to a prison official on May 1, 2002, the date appearing on the notice, therefore entitling him to the benefit of the "prison mailbox rule." The fact that the notice is dated May 1, 2002 and is postmarked May 2, 2002 could be explained by the probability that the prison official received it on May 1, 2002—thus satisfying the rule announced in *Houston v. Lack*—and waited until the next day to mail it. By applying the amended Rule 26, the district court and the parties are spared the time and expense of additional fact-finding regarding whether defendant's notice of appeal was "filed" within the grace period provided in Rule 4(b)(4).

■ For these reasons, we hold that the amended Rule 26(a)(2), which excludes weekend days and legal holidays from the calculation of any period less than eleven days contained in the Federal Rules of Appellate Procedure, applies to the calculation of the timeliness of Montoya's pending notice of appeal. Under that amended Rule, his notice of appeal was filed within the thirty-day grace period and, hence, should be construed as a motion to extend the period in which to file a notice of appeal pursuant to our holding in *Batista*. *See* 22 F.3d at 493.

Because we lack jurisdiction to consider the merits of an untimely appeal, we dismiss the appeal without prejudice to further proceedings, *see id.* at 493–94, and remand to the district court for further proceedings not inconsistent with this opinion, *see United States v. Fuller*, 332 F.3d 60, 63 (2d Cir.2003). The district court is directed to determine whether Montoya can demonstrate "excusable neglect or good cause" for failure to file his notice of appeal within the ten-day period provided in Rule 4(b)(1)(A). If the district court makes such a finding and grants an extension, Montoya's notice of appeal will

be reinstated and will be effective *nunc pro tunc* provided that we are notified by either party within 30 days of the extension. Should this occur, the appeal will be decided by this panel without further briefing. *See Batista*, 22 F.3d at 494 (citations omitted).