SUMMARY ORDER
Defendant-Appellant John Bowens (“Bowens”) appeals from an order of the District Court for the Eastern District of New York (Gleeson, J.), ruling that Bow-ens is ineligible for a reduction in his sentence pursuant to 18 U.S.C. § 8582(e)(2) and Amendment 706, U.S.S.G. Supp. to App. C, amend. 706 (2008). First, Bowens argues that Amendment 706 applies because Bowens was not sentenced to a statutory maximum or minimum, or as a career offender, but rather based on “a guidelines calculation that was then reduced based on defendant’s substantial assistance to the authorities.” Bowens’s Br. 5. Second, Bowens argues that, even if Amendment 706 is not applicable according to U.S.S.G. § lB1.10(a)(2)(B), United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), renders that Guideline advisory, and the district court therefore has the discretion to decide whether or not to grant a sentencing reduction. Additionally, Bruce R. Bryan, Esq. (“Bryan”), appellate counsel for Bow-ens’s co-defendant Ivan Keith’s (“Keith”) appeal, requests to be relieved of his position as Keith’s counsel, arguing that there are no non-frivolous issues to be appealed on Keith’s behalf. Finally, the government moves for a summary affirmance of Keith’s sentence. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
I. Bowens’s Appeal
A. Timeliness
Bowens’s appeal is untimely under Fed. RApp. P. 4(b)(1)(A)®, which requires a criminal defendant to file a notice of appeal within ten days of the entry of the judgment or order being appealed. Fed. R.App. P. 26(a)(2) excludes intermediate Saturdays, Sundays and holidays. The district court entered an order on April 1, 2008 finding that it lacked the authority to grant Bowens a sentence reduction. Bow-ens did not file a notice of appeal until April 17, 2008, and thus his appeal is untimely. See United States v. Arrango, 291 F.3d 170, 172 (2d Cir.2002) (“We ... hold that the [Fed. RApp. P. 4] ten-day period applies [to appeals from the denial of a motion pursuant to 18 U.S.C. § 3582(c)(2).]”).
Fed. R.App. P. 4(b)(4), however, provides that even “after the time [to file a notice of appeal] has expired,” the district court may “extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise provided by ... Rule 4(b)” based on “a finding of excusable neglect or good cause.” We have previously held that a criminal defendant’s notice of appeal filed within the 30-day grace period “should be treated as a request for an extension of the time to file.” United States v. Batista, 22 F.3d 492, 494 (2d Cir.1994). “[A] district court faced with such a request must make a finding on that issue, and if excusable neglect is found, decide whether to exercise its discretion by granting the application.” Id. There is no indication that the district court made such a finding in the case at bar, and hence Rule 4(b) has not been complied with.
*30 Even though we have recently held “that Rule 4(b) is not jurisdictional,” we have made clear that this conclusion “does not authorize courts to disregard it when it is raised.” United States v. Frias, 521 F.3d 229, 234 (2d Cir.2008). While a failure to comply with Rule 4(b) “does not deprive us of subject-matter jurisdiction over the appeal,” when the government “properly objects to the untimeliness of a defendant’s criminal appeal, Rule 4(b) is mandatory and inflexible.” Id. (emphasis in original). Here, the district court has made no finding of good cause or excusable neglect, and the government has objected to Bowens’s appeal as untimely. See Gov. Br. 8. Thus, we cannot grant Bowens relief absent a remand to the district court for the required finding under Rule 4(b)(4). See United States v. Montoya, 335 F.3d 73, 76 (2d Cir.2003) (construing a notice of appeal as falling within the Rule 4(b) grace period, and as a result, holding that “we dismiss the appeal without prejudice to further proceedings, and remand to the district court,” which “is directed to determine whether Montoya can demonstrate ‘excusable neglect or good cause’ for failure to file his notice of appeal within the ten day period provided in Rule 4(b)(1)(A).”). We find a remand unnecessary because, as explained below, Bowens’s claims are meritless.[2]
B. Merits
Bowens’s first argument is that the district court is authorized to grant him a sentence reduction because his Guidelines range was calculated based on the crack cocaine Guidelines and various upward adjustments therein, see U.S.S.G. § 2D1.1; his ultimate sentence was based on a downward departure for substantial assistance, see U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e); and his sentence in no way involved a statutory maximum or minimum, or the career offender Guidelines. This argument fails because it is beside the point. Bowens’s eligibility for a reduced sentence under 18 U.S.C. § 3582(c)(2) turns on whether “the sentencing range under which [Bowens] was sentenced [was] subsequently lowered by the Sentencing Commission.” United States v. McGee, 553 F.3d 225, 226 (2d Cir.2009) (emphasis added); see also 18 U.S.C. 3582(c)(2) (“[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment ... if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.”) (emphasis added); U.S.S.G. § 1B1.10(a)(2)(B) (“A reduction in the defendant’s term of imprisonment is not consistent with this policy statement ... if ... [Amendment 706] does not have the effect of lowering the defendant’s applicable guideline range.”) (emphasis added). And it is clear that Amendment 706, which implements “an across-the-board two-point reduction of the base offense level for crack offenses,” United States v. Jones, 531 F.3d 163, 179 (2d Cir.2008), does not affect Bowens’s Guidelines range. At his sentencing, Bow-ens’s Guidelines range of 360 months to life imprisonment was calculated based on an offense level of 40 and a criminal history category of V. PSR, ¶¶ 50-75. Even if Amendment 706 reduced Bowens’s offense level to 38, his criminal history category— which Amendment 706 does not change— would still impose a Guidelines range of 360 months to life. See U.S.S.G., Ch. 5. Pt. A. Thus, the district court correctly decided that U.S.S.G. § lB1.10(a)(2)(B) *31 does not authorize Bowens’s requested sentence reduction.
Next, Bowens argues that, in light of Booker, the limitations on sentence reductions set forth in U.S.S.G. § lB1.10(a)(2)(B) are merely advisory in 18 U.S.C. § 3582(c)(2) proceedings. We need not reach the issue, however. The plain text of 18 U.S.C. § 3582(c)(2) — which applies only in the “case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission” — is inapplicable to Bowens because Amendment 706 does not lower his “sentencing range.”
II. Bryan’s Anders Motion
“Anders allows appointed counsel to request permission to withdraw from prosecuting a criminal appeal where, after thorough examination of the record of trial, counsel determines that the appeal is without merit and wholly frivolous.” United States v. Burnett, 989 F.2d 100, 103 (2d Cir.1993). In order to permit appellate counsel to withdraw, we must be satisfied “that counsel has diligently searched the record for any arguably meritorious issue in support of his client’s appeal; and ... [that] defense counsel’s declaration that the appeal would be frivolous is, in fact, legally correct.” Id. at 104.
We are satisfied that these requirements have been met with respect to an appeal on behalf of Keith. As Bryan points out, the two-point offense level reduction implemented by Amendment 706 would not change Keith’s Guidelines range. Based on a criminal history category of VI and an offense level of 39, Keith’s Guidelines range at sentencing was 360 months to life imprisonment. PSR, ¶¶ 51-67. Reducing Keith’s offense level to 37 would not change the applicable Guidelines range. See U.S.S.G., Ch. 5, Pt. A. Thus, for the reasons explained above, Keith is ineligible for a sentence reduction based on Amendment 706.
Additionally, because Keith has already been released from prison[3] and received the five-year minimum term of supervised release under 21 U.S.C. § 841(b)(1)(A), and hence the district court could not impose a lesser sentence in a 18 U.S.C. § 3582 proceeding, Keith lacks “a continuing stake in the outcome” of any potential appeal. United States v. Williams, 475 F.3d 468, 479 (2d Cir.2007) (internal quotation marks omitted). Thus, an appeal requesting a sentence reduction under 18 U.S.C. § 3582(c)(2) would be moot. See id. (“We conclude that Ona-ghinor’s appeal was rendered moot upon his release from prison because there is no possibility that the district court could impose a reduced term of supervised release were we to remand for resentencing.”); see also United States v. Branch, 293 Fed.Appx. 830, 831 (2d Cir.2008) (summary order). Hence, Bryan’s Anders motion is granted and both Keith’s appeal and the government’s motion for summary affir-mance of Keith’s sentence are dismissed as moot.
III. Conclusion
The district court order denying Bow-ens’s motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is AFFIRMED. Bryan’s Anders motion is GRANTED, and Keith’s appeal and the government’s motion for summary affirmance of Keith’s sentence are DISMISSED as moot.

. It is within our discretion to consider the merits of Bowens's claims because Frias establishes that Rule 4(b) is not jurisdictional. See Frias, 521 F.3d at 234.

. The Federal Bureau of Prisons Inmate Locator indicates that Keith was released on January 1, 2009.