*United States v. Tremaine Giddens*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty-one.

PRESENT:
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

————————————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> > v.

TREMAINE GIDDENS,

> *Defendant-Appellant.*

No. 20-3270

————————————————————————————

FOR DEFENDANT-APPELLANT: Parker R. MacKay, Law Office of Parker R. MacKay, Kenmore, NY.

FOR APPELLEE: Tiffany H. Lee, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on August 28, 2020, is **AFFIRMED**.

Tremaine Giddens appeals from an order of the district court denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In March 2019, Giddens pleaded guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Giddens was sentenced to 71 months of imprisonment on each count, to run concurrently.

On July 16, 2020, Giddens moved *pro se* for compassionate release under 18 U.S.C. § 3582(c)(1)(A), contending that his medical conditions—including type 2 diabetes, hypertension, and obesity—placed him at risk of death or serious illness from COVID-19. The government opposed. Although it conceded that Giddens's health conditions constitute extraordinary and compelling reasons for release, the government argued that, in light of his criminal history, Giddens would pose a danger to the community. It also contended that the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against a sentence reduction. The district court denied the motion, concluding that Giddens's risk of contracting COVID-19 as a basis for release was outweighed by the considerations reflected in the section 3553(a) factors, particularly in view of Giddens's history of previous drug offenses and the fact that he had served only 13 months of his 71-month sentence.

Giddens filed his notice of appeal to this Court more than 14 days after the district court's order was entered, rendering his notice untimely under Federal Rule of Appellate Procedure 4(b)(1)(A). This would ordinarily require dismissal, but because the notice was filed within 30 days of the order, we construed the notice as a motion for extension of time to appeal pursuant to Rule 4(b)(4). We then dismissed the appeal without prejudice and

remanded the case to the district court to determine whether the period for filing the notice should be extended for "good cause" or "excusable neglect" under Rule 4(b)(4). Order (June 7, 2021), Dkt. No. 58; *see United States v. Batista*, 22 F.3d 492, 493 (2d Cir. 1994). On July 7, 2021, the district court granted the so-construed motion for extension of time, having found good cause, and on July 12 we reinstated the appeal. Order (July 12, 2021), Dkt. No. 68. We now proceed to consider the merits of Giddens's motion.

## DISCUSSION

We review the denial of a motion for a sentence reduction under section 3582(c)(1)(A) (commonly referred to as "compassionate release") for abuse of discretion. *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (citing *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020)). "[A] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions."[1] *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). "[O]nce we are sure that the sentence resulted from the reasoned exercise of discretion, we must defer heavily to the expertise of district judges." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

A district court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The sentencing factors set forth in section 3553(a) include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,] . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." *Id.* § 3553(a)(1)–(2). At present, the Sentencing

---

[1] In quotations from caselaw, this Order omits all quotation marks, alterations, and citations, unless otherwise noted.

Commission has issued no policy statement applicable to motions for sentence reductions filed by defendants; its policy statement applies only to sentence-reduction motions filed by the Bureau of Prisons. *See United States v. Brooker*, 976 F.3d 228, 235–36 (2d Cir. 2020). District courts accordingly have discretion to determine what constitutes an extraordinary and compelling reason for a sentence reduction in deciding such motions filed by defendants. *Id.* at 237.

We conclude that the district court did not err in denying Giddens's motion. While recognizing that Giddens faced the risk of serious complications were he to contract COVID-19 while incarcerated, the district court determined that this risk and Giddens's acknowledged rehabilitative efforts, combined, "do not outweigh other § 3553(a) factors like his criminal history and the seriousness of the offense." J.A. at 12. Giddens does not challenge any of the specific factual findings made by the district court as clearly erroneous. He instead challenges the court's evaluation of the section 3553(a) factors as overly conclusory and charges that the district court overlooked the relevance of letters submitted in support of his release.

We "presume[] that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020). Here, the district court's order referenced: the seriousness of Giddens's cocaine distribution offense; his past offenses, including prior convictions involving drugs and alcohol; the court's concern that his criminal conduct appeared to be associated with substance abuse; and the fact that, when the district court denied his motion, Giddens had served only 13 months of his 71-month sentence. These observations were all relevant to the section 3553(a) factors, which require the court to consider whether the sentence achieves the purposes of ensuring adequate punishment, deterrence, and public safety. They supported the district court's resulting determination that "an exceedingly strong justification" would be required to warrant release. J.A. at 10. The facts recited by the district court also weighed against Giddens's argument—which he supported with the letters from his family and a potential employer—that reducing his sentence to a term of supervised release with a condition of home confinement could adequately mitigate the court's

4

concerns. In light of the breadth of the district court's discretion in these circumstances, we cannot conclude that the court exceeded it in finding that a sentence reduction resulting in release was unwarranted.

Giddens further claims that the district court erred in failing to conclude expressly that his medical conditions presented extraordinary and compelling reasons for release. But nothing in section 3582(c) required the district court to draw an express and definitive conclusion on this point before considering whether the section 3553(a) factors nevertheless rendered a sentence reduction unwarranted. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Holmes*, 858 F. App'x 429, 430 (2d Cir. 2021) (summary order) (observing that, with respect to the inquiries into extraordinary and compelling reasons and the section 3553(a) factors, "[w]e have not required district courts to answer these questions sequentially, as each is committed to the court's discretion"); *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021) (summary order) (concluding that, even though the district court erred in its assessment of extraordinary and compelling reasons, its "reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release").

Last, we find no merit in Giddens's contention that the district court improperly relied on its finding that he posed a danger to the public. Giddens is correct that in *Brooker* we held that the current Sentencing Commission policy statement, which provides that a court may reduce a sentence only if "[t]he defendant is not a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), does not apply to motions for sentence reduction that are filed by defendants rather than the Bureau of Prisons. *See* 976 F.3d at 235–36. But, although the district court ruled on Giddens's motion before *Brooker*, its order did not conclude that Giddens's motion was altogether foreclosed because he posed a danger to the community. As explained above, the district court instead "conclude[d] that a reduction is inconsistent with the § 3553(a) factors." J.A. at 9. To the extent that the court referenced factors related to its concerns about Giddens's dangerousness, those comments were made in the context of its discussion of the section 3553(a) factors, which include

5

considerations such as the need for the sentence to deter future criminal conduct and protect the public from possible further offenses. *See* 18 U.S.C. § 3553(a)(2).

## CONCLUSION

We have considered Giddens's remaining arguments and find in them no basis for reversal. Accordingly, the order of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court