ALD-034                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2641
_____

UNITED STATES OF AMERICA

v.

NADER SAADEH,
                                  Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-15-cr-00618-001)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted for Possible Dismissal as Untimely and on
Appellee's Motion to Dismiss or for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 23, 2021

Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 7, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Nader Saadeh appeals from an order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We grant the Government's motion for summary affirmance and will affirm.

I.

Saadeh pleaded guilty to conspiring to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1). The District Court sentenced him to 120 months in prison. Saadeh did not appeal.

Saadeh later filed a motion for compassionate release under § 3582(c)(1)(A). He argued that release was warranted for several reasons, including his youth at the time of the crime, his difficult childhood, his prison record, and the risk of contracting COVID-19. The District Court denied his motion, and he appeals. The Government has filed a motion to dismiss this appeal as untimely or, in the alternative, for summary affirmance. Saadeh has not responded to that motion. We decline to rule on the issue of timeliness[1] and will instead grant the Government's alternative request and affirm.

_____

constitute binding precedent.

[1] The District Court entered its order on August 4, 2021. Saadeh's notice of appeal was due within 14 days, or by August 18, 2021. See Fed. R. App. P. 4(b)(1)(A)(i); see also United States v. Payton, 979 F.3d 388, 389-90 (6th Cir. 2020) (per curiam) (holding that Rule 4(b) applies to orders on motions under § 3582(c)(1)(A)); United States v. Arrango, 291 F.3d 170, 171-72 (3d Cir. 2002) (holding that Rule 4(b) applies to orders on motions under § 3582(c)(2)). Saadeh's notice of appeal is dated August 23, 2021, making it five days late. The District Court, however, can extend the time to appeal for up to 30 days beyond the Rule 4(b) deadline. See Fed. R. App. P. 4(b)(4). Saadeh filed his notice of appeal within that 30-day window, and he asserts in his notice that there was some delay in receiving the District Court's order. Any delay by prison officials in delivering that

II.

"[A] prisoner's motion [for compassionate release] may be granted if the court finds that the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable." United States v. Andrews, 12 F.4th 255, 258 (3d Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)).

In this case, the District Court concluded that Saadeh had not shown extraordinary and compelling reasons but that, even if he had, release was not warranted under the § 3553(a) sentencing factors. We need not review the first of these conclusions because the second was sufficient to support the District Court's ruling in this case. See United States v. Tinker, 14 F.4th 1234, 1238-39 (11th Cir. 2021) (per curiam).[2] We review the District

order would not count against the Rule 4(b) period. see also United States v. Grana, 864 F.2d 312, 316 (3d Cir. 1989). Thus, if we were to reach the issue of timeliness, we would first remand for the District Court to make findings under Grana, see id., or to consider extending Saadeh's time to appeal under Rule 4(b)(4), see Payton, 979 F.3d at 390 (citing, inter alia, United States v. Batista, 22 F.3d 492, 493 (2d Cir. 1994) (per curiam)). But we decline to reach the issue of timeliness. The Rule 4(b) deadline is mandatory if invoked by the Government, but it is not jurisdictional. See Gov't of the V.I. v. Martinez, 620 F.3d 321, 327-29 (3d Cir. 2010). Although the Government has invoked the rule here, its application is unclear on the present record and the Government also has requested summary affirmance. We agree that this appeal ultimately presents "no substantial question." 3d Cir. IOP 10.6. Thus, we will honor the Government's alternative request to reach the merits now.

[2] In so ruling, we do not suggest that the court erred in concluding that Saadeh's risks associated with COVID-19 do not qualify as "extraordinary and compelling reasons" for

3

Court's denial of compassionate release, including its weighing of the § 3553(a) factors, only for abuse of discretion. See Andrews, 12 F.4th at 259; United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Under that standard, "we will not disturb the court's determination unless we are left with a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." Andrews, 12 F.4th at 259 (quotation marks and alteration omitted).

We discern no such error here. In weighing the § 3553(a) sentencing factors, the District Court relied on the serious nature of Saadeh's crime, the length of the sentence remaining to be served, and the needs to promote respect for the law, provide just punishment for the offense, and avoid sentencing disparities among defendants with similar records. These were relevant considerations, see Pawlowski, 967 F.3d at 330-31; 18 U.S.C. § 3553(a)(2)(A), (a)(6), and we cannot say that the District Court committed a clear error of judgment in relying on them.

The court might have explained its reliance on these factors more thoroughly. The same District Judge, however, previously sentenced Saadeh and thus was familiar with the reasons for that sentence. The court's opinion also reflects consideration of the parties' arguments, including the Government's detailed § 3553(a) arguments based on the factual circumstances surrounding Saadeh's offense and the similar offenses of others involved in the same conspiracy. Moreover, Saadeh himself has not raised any claim of

release. Nor do we suggest that Saadeh's other proffered reasons qualify.

4

error in response to the Government's motion, and nothing in his own motion in the District Court suggests there was any clear error of judgment in weighing the § 3553(a) factors as it did. Under these circumstances, we cannot say that the District Court abused its discretion in denying Saadeh's motion.

## III.

For these reasons, the Government's motion for summary affirmance is granted, and we will affirm the judgment of the District Court.